UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CANDIDA ADAMS,

    Plaintiff,

v.                                Case No. 3:21cv2567-MCR-HTC

MARY GARTH,
ROBERT GARTH, and
THOMAS GARTH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Candida Adams, a Florida resident, initiated this action by filing a wholly nonsensical *pro se* complaint, consisting of conclusory allegations that are largely incomprehensible.[1] ECF Doc. 1. Although Plaintiff used this Court's civil rights complaint form for non-prisoners, none of the Defendants are federal agents or employees or state actors. Instead, the Defendants are private citizens. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R.

---

[1] Plaintiff's complaint was not accompanied by a motion to proceed *in forma pauperis*, or the Court's $402.00 filing fee as required by the Court's Local Rules. However, because the undersigned is recommending dismissal, Plaintiff will not be asked to file a motion to proceed *in forma pauperis*. *See Morris v. Bush*, No. 108-CV-00208-MP-AK, 2008 WL 5231843, at *3 (N.D. Fla. Dec. 9, 2008), *report and recommendation adopted*, No. 1:08CV208/MP/AK 2008 WL 5231843, at *1 (N.D. Fla. Dec. 9, 2008) (finding Plaintiff's complaint patently frivolous and determining "there is no reason to await the filing of a motion for leave proceed IFP on such claims").

72.2(E).  Upon consideration, and for the reasons discussed below, the undersigned recommends this action be dismissed *sua sponte*, and without leave to amend, for lack of jurisdiction or, alternatively, as frivolous and for failure to state a claim.

## I.     PLAINTIFF'S COMPLAINT

Plaintiff files this action against Mary Garth, Robert Garth, and Thomas Garth.  ECF Doc. 1.  While Plaintiff's complaint begins with allegations concerning Defendant Mary Garth's treatment of her dog, namely that "Mary Garth . . . would get angry with [her] and make [her] take [her] dog to [her] daughter or a friend", *id.* at 4, Plaintiff's complaint quickly dovetails into entirely delusional allegations about a "serial stalker kidnapper rapist," "child porn, sex slaves," and "boys and girls [who] are kept in cages or basements or railroad cars in Dierks Arkansas." *Id.* at 6-10.

Without any explanation, Plaintiff claims Defendants violated her "Right to Life," "Right to Liberty," "Right to Pursuit of Happiness—subjugated to 3 years of slavery by Robert (the Pederast) Thomas (Bagman) [and] Mary (Nefus) Garth, human trafficker." *Id.* at 8.  Plaintiff seeks "3 Million Dollars Compensatory damages for 3 years 'SLAVE,'" and "50 Million Punitive Damages for their murder of [her] friend. *Id.*

Plaintiff's allegations are so irrational and disjointed, as well as illegible in many places, that the undersigned cannot decipher the claims Plaintiff is attempting

to allege. The undersigned also finds it unnecessary, given the nature of the complaint, to summarize the allegations.

## II.   LACK OF JURISDICTION

Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This is because federal courts are courts of limited jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

A plaintiff seeking to invoke this Court's jurisdiction must set forth the basis of the Court's subject matter jurisdiction. Generally, district courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C.

§§ 1331, 1332. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkoken*, 511 U.S. at 377 (citations omitted).

Nowhere in Plaintiff's complaint does Plaintiff provide a basis for this Court's jurisdiction. Indeed, Plaintiff leaves blank the section of the form requiring her to identify the basis for jurisdiction. Regardless, a review of the complaint shows that this Court does not have jurisdiction over this suit.

First, Plaintiff's has not stated any facts sufficient to allege a basis for federal question jurisdiction. A "federal question" case arises under the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 1331. "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, for federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946).

Because Plaintiff's complaint is nonsensical, Plaintiff has not alleged a cause of action against any of the Defendants, much less a cause of action arising under federal law. *See Selensky v. Whiddon*, 376 F. App'x 887, 888 (11th Cir. 2010) ("Because Plaintiff's complaint does not establish that federal law creates a cause of action, or that her relief in the dispute over her cats and her pending eviction depend

on the resolution of a question of federal law, federal question jurisdiction does not exist."). Plaintiff's conclusory statements that her right to life and liberty have been compromised simply do not rise to the level of a constitutional violation. *See Catalyst Pharm., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018) (noting that "[v]ague and conclusory allegations do not satisfy" a plaintiff's burden to "make out a prima facie case of jurisdiction").

Second, Plaintiff's complaint is insufficient to invoke diversity jurisdiction. Federal courts also have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. 1332(a)(1). To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

As an initial matter, although Plaintiff seeks $53 million dollars, she has not alleged any facts supporting such a claim for relief. Similarly, Plaintiff has not alleged any facts showing that the Defendants are residents of a state other than Florida – the state of Plaintiff's citizenship.

Diversity jurisdiction requires the parties to be citizens of different states. A person's place of citizenship, or domicile, is "the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of

Case No. 3:21cv2567-MCR-HTC

returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  Under Section I of her complaint, Plaintiff identifies herself as a Florida citizen and lists her address as being in Pensacola, Florida.  Under the same section, Plaintiff identifies Defendants Mary Garth and Robert Garth as the owner and manager, respectively, of Garth's Antiques, a business located in Pensacola, Florida.  Plaintiff does not provide any other address or citizenship for the Garths.  In fact, although Plaintiff identifies Thomas Garth in the case style, she does not list him as a defendant, and thus, no address information is provided for Thomas Garth.

Thus, from the information provided, this Court lacks jurisdiction over this action.

### III.   FAILURE TO STATE A CLAIM

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and each averment must be "concise, and direct." Fed. R. Civ. P. 8(e)(1).  Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint falls considerably short of these pleading requirements. Indeed, Plaintiff's complaint contains allegations which are without any legal or

factual support or basis in reality. Even when reading Plaintiff's claims liberally, the undersigned cannot discern any cognizable claim for relief.

Instead, Plaintiff's complaint is patently frivolous. A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Plaintiff's allegations about "boys and girls" being "kept in cages" and a "serial stalker kidnapper rapist" are the type of nonsensical and irrational allegations that warrant dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)) (explaining that "clearly baseless" allegations include "allegations that are that are 'fanciful,' 'fantastic,' and 'delusional,'" or "rise to the level of . . . irrational or . . . wholly incredible."); *Morris v. Bush*, No. 108-CV-00208-MP-AK, 2008 WL 5231843, at *3 (N.D. Fla. Dec. 9, 2008), report and recommendation adopted, No. 1:08CV208/MP/AK 2008 WL 5231843, at *1 (N.D. Fla. Dec. 9, 2008) (dismissing Plaintiff's complaint as frivolous because Plaintiff's complaint included "conclusory allegations that [were] clearly removed from reality").

IV.   **CONCLUSION**

District courts have "'unquestionable' authority to control their own dockets. This authority includes "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his

complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g., Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

For the reasons discussed above, the undersigned finds a *sua sponte* dismissal to be necessary in this case. Plaintiff has not alleged any facts establishing this Court's jurisdiction. Plaintiff's complaint is also nonsensical. Thus, the undersigned recommends this case be dismissed *sua sponte*. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting that, before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1. This action be dismissed *sua sponte* for lack of subject-matter jurisdiction or, alternatively, as frivolous for failure to state a claim.

2. The clerk be directed to close the file.

Done at Pensacola, Florida this 29th day of November, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.